

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

October 30, 2025

**Via ECF**
The Honorable Steven Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re: **Hernandez v. RNC Industries LLC. et al.**
      **2:21-cv-04518-ST**

Dear Judge Tiscione:

  Our office represents Alex Hernandez ("Hernandez"), individually and on behalf of all others similarly situated ("Plaintiff"), and we submit this motion jointly with counsel for RNC Industries LLC and Robert Dugan and Richard Tonyes, Jr. as individuals, as an individual (collectively, the "Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached after months-long negotiation process between experienced counsel.

  The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

  I. **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

    a. **The Settlement Amount**

  The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $25,000.00.

### b. Plaintiff's Position

Plaintiff commenced this lawsuit on August 11, 2021 alleging, *inter alia*, that he was not paid proper overtime rates of pay, in violation of the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL).

Plaintiff Hernandez alleged that he was employed by Defendants at RNC Industries LLC from in or around March 2018 until in or around September 2020, with primary job duties and tasks as a carpenter while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendants.

Plaintiff Hernandez alleged that he regularly worked approximately fifty-five hours (55) per week from in or around March 2018 until in or around September 2019 and approximately sixty-six (66) hours per week from in or around October 2019 until in or around September 2020.

Plaintiff further alleged that he was paid by Defendants a flat hourly rate of approximately $26.00 per hour for all hours worked during his employment with the Defendants. Plaintiff further alleged that he was only compensated up to his 45 hours of work when he worked 55 hours per week and only up to his 51 hours of work was compensated when he worked 66 hours per week, during his employment with the Defendants.

Based on the above, Plaintiff alleged he was owed approximately $62,706.43 in unpaid overtime wages.

During discovery, Defendants produced relevant time and pay records. Plaintiff disputed the accuracy of these records, particularly that the records did not capture all of his hours worked. However, Plaintiff acknowledged that if the records were accepted as complete and accurate, it could limit his potential recovery.

As such, Plaintiff's preference was for a guaranteed outcome via Court-approved settlement. Settlement at this juncture avoids the inherent risks and costs of litigation and allows Plaintiff to recover a portion of his alleged unpaid wages rather than the uncertainty of prevailing at an arbitration. Based on all of the above, Plaintiff believes that the settlement is a fair and reasonable resolution as to his wage claims.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema*

*60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $25,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the Defendants' defenses and records in this matter. Moreover, the settlement amount was only achieved after months-long negotiation process between experienced counsel. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the hours worked by Plaintiff, and the pay received by Plaintiff, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

II. **The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing his experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

III. **Distribution to Plaintiff and Requested Attorneys' Fees and Expenses**

    a. **Distribution to Plaintiff**

The parties agreed to a global settlement of $25,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $15,809.00 after the requested attorneys' fees and expenses.

### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,286.50 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of Arbitration filing fee: $350.00
- the costs of Court Reporter for Defendants' depositions: $534.50

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($23,713.50), or $7,904.50 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $9,191.00

As such, the settlement fund as broken down into its component parts are as follows:

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $1,286.50
**Net Settlement Amount:** $23,713.50 ($25,000.00 - $1,286.50)
**Requested Attorneys' Fees:** $7,904.50 ($23,713.50 / 3)
**Total payable to Attorneys:** $9,191.00 ($7,904.50 + $1,286.50)
**Total payable to Plaintiff:** $15,809.00 ($25,000.00 - $9,191.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff. In support of this request, Plaintiff's counsel's billing records and qualifications are attached hereto as **Exhibit 2**.

### IV.  Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable as the settlement was the product of months-long negotiation process between experienced counsel. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration, and we remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.